**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-01564-RPM-CBS
(Consolidated with 05-cv-01565, 05-cv-01566, 05-cv-01568, 05-cv-02042)

BARBARA LOHMAN JOHNSON, Personal Representative of the
Estate of RICHARD VERNE LOHMAN, Deceased;
KRISTIN E. LOHMAN,
BRETT E. LOHMAN,
BRYAN R. LOHMAN, Natural Children and Heirs of
RICHARD VERNE LOHMAN, Deceased,
JERRY D. BIGGS, Personal Representative of the
Estate of MICHAEL A. BAKER;
NICOLE BAKER and
WARREN BAKER, Natural Children and Heirs of
MICHAEL A. BAKER, Deceased;
JEFFREY RUDISILL, Personal Representative of the
Estate of CATHERINE LUCILLE LOHMAN, Deceased;
BYRON DREW RUDISILL, Natural Child and Heir of
CATHERINE LUCILLE LOHMAN, Deceased, by and through
his Guardian and Conservator, JEFFREY RUDISILL; and
JERRY D. BIGGS, Personal Representative of the
Estate of KATHLEEN G. BAKER;
ALLISON TEMPLETON, Natural Child and Heir of
KATHLEEN G. BAKER, Deceased,
LOVEY L. MOHNSSEN and
C. RICHARD RUDIBAUGH, as co-personal representatives of the Estate of
RICK E. MOHNSSEN a/k/a RICK EDWARD MOHNSSEN, deceased;
LOVEY L. MOHNSSEN as surviving spouse and heir at law of
RICK E. MOHNSSEN a/k/a RICK EDWARD MOHNSSEN, deceased;
S.M., as surviving minor child and heir at law of
RICK E. MOHNSSEN, a/k/a RICK EDWARD MOHNSSEN, deceased,
by and through her mother, guardian and next friend, LOVEY L. MOHNSSEN; and
ERIC MATHIAS, as supervising adult son and heir at law of
RICK E. MOHNSSEN a/k/a RICK EDWARD MOHNSSEN, deceased,

      Plaintiffs,

v.

AUTOPILOTS CENTRAL, INC. and

1

GARMIN INTERNATIONAL, INC., foreign corporation,
UNITED STATES OF AMERICA, DEPARTMENT OF
TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION,

    Defendants.

_____

## PROTECTIVE ORDER
_____

In accordance with Fed.R.Civ.P. 26(c), this Protective Order shall govern the disclosure during pretrial discovery and the subsequent handling of trade secret or other confidential research, development, or commercial information and documents containing any such information (collectively, "CONFIDENTIAL INFORMATION").

### 1. **Initial Designation**

    **1.1  Good Faith Claim**. Claims of confidentiality will be made only with respect to documents, other tangible things and information that the asserting party has a good faith belief are legally entitled to protection from discovery and disclosure under Fed.R.Civ.P. 26(c) and applicable case law.

    **1.2  Produced Documents.** A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label that contains or includes language substantially identical to the following:

| CONFIDENTIAL |
| :---: |
| Protected Document |
| Johnson, et al. v. Autopilots Central, et al. |
| 05-cv-01564-RPM-CBS |

A party producing documents that it believes constitute or contain HIGHLY CONFIDENTIAL INFORMATION, that is, CONFIDENTIAL INFORMATION that is so sensitive that the

disclosing party believes in good faith that its disclosure would likely cause it competitive harm, shall produce copies bearing a label that contains or includes language substantially identical to the following:

>  HIGHLY CONFIDENTIAL
>
>  Protected Document
>
>  Johnson, et al. v. Autopilots Central, et al.
>
>  05-cv-01564-RPM-CBS

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. As used herein, the term "documents" includes all writings, other media on which information is recorded, and other tangible things subject to production under the Federal Rules of Civil Procedure or federal law. All provisions herein concerning CONFIDENTIAL INFORMATION shall also apply to HIGHLY CONFIDENTIAL INFORMATION.

   **1.3**   **<u>Interrogatory Answers.</u>** If a party answering an interrogatory believes that its answer contains CONFIDENTIAL INFORMATION, it shall set forth that answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as produced documents under subparagraph 1.2. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

   **1.4**   **<u>Inspection of Documents.</u>** In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION needs to be made in advance of the inspection. For

purposes of such inspection, all material produced shall be considered as CONFIDENTIAL INFORMATION. If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.2 at the time the copies are produced.

   **1.5** **<u>Deposition Transcripts.</u>** Within ten (10) days after the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION by page and line number. Until such time has elapsed, deposition transcripts in their entirety are to be considered as CONFIDENTIAL INFORMATION. All parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION. No objection shall be interposed at deposition that an answer would elicit CONFIDENTIAL INFORMATION.

   **1.6** **<u>Multipage Documents.</u>** A party may designate only the pages the party deems confidential in an integrated, multipage document as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.2 on that page of that document.

   **1.7** **<u>List</u>**. The designating party shall prepare, periodically update, and provide to counsel a listing of all designated CONFIDENTIAL INFORMATION.

**2.** **<u>Objections to Designations.</u>** A party objecting to a designation of CONFIDENTIAL INFORMATION may notify the designating party at any time. If an objection to a designation of CONFIDENTIAL INFORMATION is made, the designating party may bring this matter to the Court for judicial resolution. The objecting and the designating party shall promptly confer in an attempt to resolve their differences. If they are unable to

resolve their differences within ten (10) days, the designating party shall have twenty (20) days from the receipt of the objection to file with the Court a motion for protective order. If the designating party moves for a protective order, all documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Protective Order unless and until the Court rules otherwise. If a designating party elects not to make a motion for protective order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the CONFIDENTIAL INFORMATION designation if so requested. If a motion for protective order is made, the designating party shall bear the burden of providing that the document or information is entitled to protection under applicable law.

      **3.** **Custody.** All CONFIDENTIAL INFORMATION and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel or record, or by person to whom disclosure is authorized under subparagraph 4.1.

      **4.** **Handling Prior to Trial.**

      **4.1** **Authorized Disclosures.** CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case. CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons, after having provided such person with a copy of this Protective Order, and, except for the persons listed in subparagraphs a. and e. below, having obtained from such person a Consent in the form attached as Exhibit A:

    a. Counsel for the parties in this litigation, including their associates, clerks, paraprofessionals, and secretarial and clerical personnel;

    b. Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

    c. Experts and their staff who are consulted by counsel for a party in this litigation;

    d. Parties to this litigation, including their employees and/or agents; and

    e. The Court and its employees ("Court Personnel").

HIGHLY CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only as provided above with respect to disclosure of CONFIDENTIAL INFORMATION, with the following additional conditions on disclosure to experts and their staff who are consulted by a party in this litigation:

    (i) Before disclosure, counsel for any party proposing to disclose HIGHLY CONFIDENTIAL information to any such person shall submit to all counsel of record a copy of a Consent in the form attached as Exhibit A signed by such person, a current resume or curriculum vitae for such person, and a full description of all of his or her employment for the previous ten (10) years. The original of each such Consent shall be maintained by counsel proposing the expert.

    (ii) Any counsel may object to disclosure of HIGHLY CONFIDENTIAL information to such proposed person, and the basis therefor, within ten (10) business days after the receipt of a copy of the Consent referred to

in subparagraph (i) above. Such an objection must be based on good cause, which, for purposes of this subparagraph, shall be a reasonable and objective concern that the proposed person will disclose confidential information or make use of such information intentionally or inadvertently outside this litigation. If no such objection is made within the prescribed period, such person shall thereafter be deemed a qualified recipient and entitled to receive HIGHLY CONFIDENTIAL information pursuant to the terms and conditions of this Protective Order.

(iii) Should any counsel timely notify proposing counsel of an objection to disclosure, the objecting party shall have ten (10) business days from the date of its objection in which to file a motion to preclude the proposed disclosure. Should such a motion be filed, proposing counsel shall not disclose HIGHLY CONFIDENTIAL information designated under this Protective Order to such proposed person until the resolution of the motion. Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of HIGHLY CONFIDENTIAL information to the proposed person, subject to the terms of this Protective Order.

**4.2** **Court Filings.** Any portion of a pleading, brief or other document filed with the Court that contains or refers to any CONFIDENTIAL INFORMATION shall be filed under seal in accordance with D.C.COLO.LCivR 7.3. In the event any CONFIDENTIAL

INFORMATION is used in any court filing or proceeding in these actions, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.

5. **Handling During Trial.**  CONFIDENTIAL INFORMATION that is subject to this Protective Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by any party.

6. **Disputes Subject to Protective Order.**  Any breach or violation of the terms or provisions of this Protective Order or any unauthorized disclosure of CONFIDENTIAL INFORMATION may cause damage to the producing party.  The parties shall be subject to any sanctions or remedies deemed appropriate by the Court for violations of the terms of this Protective Order.  In any application to the Court referred to or permitted by this Protective Order, the Court may exercise discretion in determining whether the prevailing party in such dispute may recover the costs incurred by it and, if so, the amount to be awarded.

7. **Party's Use of Own Documents.**  Nothing in this Protective Order shall be deemed to limit any party's rights to discovery in connection with this action, to restrict the prosecution, defense or settlement of this action, or to restrict in any way the use of a party's own documents by the party or its attorneys.

8. **Inadvertent Disclosure.**  Inadvertent disclosure or production by any party of a document which contains confidential information, including trade secret or other confidential research, development, financial, or commercial information not made available to the public but which has not been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information under this Protective Order, shall not constitute a waiver of the confidential nature of such information, as long as the party producing the information takes prompt steps after discovering

the inadvertent disclosure to notify all parties of the matter, and to accomplish the labeling required by this Protective Order. Upon notification that such inadvertent disclosure has occurred, the receiving party shall return the unlabeled documents and all copies of such documents to the producing party, and the producing party shall then produce properly labeled documents in accordance with this Protective Order. Production of documents or information by any party at trial shall not constitute a waiver of the provisions of this Protective Order.

**9.  Disposition of Documents on Termination of Action.**  Within sixty (60) days after termination of this litigation (whether by judgment, settlement, or otherwise), counsel for each party that has been provided with another party's CONFIDENTIAL INFORMATION shall:

  a. return to the producing party all CONFIDENTIAL INFORMATION provided under this Protective Order, including all copies of documents containing such information, and including copies from all persons executing Consents pursuant to this Protective Order, or, at the option of the producing party, shall destroy all such documents;

  b. destroy all copies of CONFIDENTIAL INFORMATION containing notes or other attorneys' work product that may have been placed thereon by counsel;

  c. provide to the producing party copies of all Consents obtained pursuant to this Protective Order;

  d. furnish to the producing party an affidavit verifying that all provisions of this paragraph have been complied with.

In addition, any documents containing CONFIDENTIAL INFORMATION which have been introduced into evidence in this action may be withdrawn from evidence upon termination of this litigation.

DATED this 5th day of July, 2007.

BY THE COURT:

s/Richard P. Matsch

_____
United States Senior District Judge

EXHIBIT "A"

JOINDER AND CONSENT AGREEMENT

_____ certifies that he or she has received a copy of the Protective Order dated _____ in *Barbara Lohman Johnson, et al., v. Autopilots Central, Inc., et al.*, United States District Court for the District of Colorado, Civil Action No. 05-cv-01564-RPM-CBS (Consolidated with 05-cv-01565, 05-cv-01566, 05-cv-01568, 05-cv-02042), has read it, fully understands it, agrees to be bound by its terms, and consents to the Court's jurisdiction with respect to its enforcement.

_____

Dated: _____